UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYCE ANTHONY JACKSON,

    Plaintiff,

v.

TONY GOLICK, *et al.*,

    Defendants.

CASE NO. 3:21-cv-05921-TL-JRC

ORDER FOR AMENDED COMPLAINT

Plaintiff filed a complaint under 42 U.S.C. § 1983. Dkt. 1-1. As discussed below, the Court declines to serve it and orders plaintiff to file an amended complaint.

Plaintiff alleges that he was arrested without probable cause and subjected to a range of constitutional violations during his subsequent detention and prosecution. However, both named defendants are prosecutors and, therefore, immune from some of the constitutional violations plaintiff alleges. Furthermore, plaintiff does not adequately identify the police officers and prison officials who, respectively, allegedly arrested him without probable cause and subjected him to unlawful conditions of confinement. Additionally, plaintiff's allegations lack adequate factual

support overall and fail to reasonably suggest that defendants personally participated in some of the alleged constitutional violations. Accordingly, plaintiff must file an amended complaint to cure, if possible, these deficiencies.

## COMPLAINT'S ALLEGATIONS

Plaintiff alleges that, on December 31, 2019, he was arrested in Vancouver, Washington. *Id.* at 1. Plaintiff further alleges that the police officers who "conducted the report subsequent to the arrest" falsified their report and that there was "absolut[e]ly no probable cause to support an arrest." *Id.* Plaintiff adds that his bail of $30,000 was excessive "considering the circumstances." *Id.*

Plaintiff also alleges that defendant Klein, who prosecuted him, "refused to dismiss the charge in an obvious display of malfeasance." *Id.* at 2. He adds that defendant Golick, defendant Klein's supervisor, knew about and "was complicit in the [allegedly] unlawful actions" of defendant Klein. *Id.*

Plaintiff further alleges that his "Jailers" at the Clark County Jail "subjected [him] to a wide range of abuses." *Id.* Plaintiff adds that defendant Klein "collude[d]" with his Jailers. *Id.*

Additionally, plaintiff alleges that a lawyer "was forced upon [him] after [he] had stated [his] d[e]sire to represent [himself] pro se." *Id.* Plaintiff adds that there was no evidence against him at trial and that the jury found him not guilty. *Id.* at 2–3.

Plaintiff alleges violations of the Sixth Amendment, Eighth Amendment, and due process. *Id.* Plaintiff sues defendants in their official and individual capacities and seeks monetary damages. *Id.* at 3.

**DISCUSSION**

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Likewise, because plaintiff seeks to proceed *in forma pauperis* ("IFP"), Dkt. 4, this Court must screen his amended complaint under § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Under § 1915(e)(2)(B), a district court must dismiss a prisoner's IFP case at any time if it determines that the case is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *O'Neal*, 531 F.3d at 1153 (citation and internal quotation marks omitted).

The standard for determining whether a plaintiff has failed to state a claim under § 1915A(b)(1) and § 1915(e)(2)(B)(ii) is the same as Federal Rule of Civil Procedure 12(b)(6)'s standard for failure to state a claim. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). So, under § 1915A(b)(1) and § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (citation omitted). "Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison*, 668 F.3d at 1112 (citation omitted). There is "an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (per curiam) (citation omitted). However, while the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (per curiam) (citation omitted).

To state a claim under § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a state actor. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (citation omitted). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017) (citation omitted).

Furthermore, a "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *See Iqbal*, 556 U.S. at 676; *see also Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally

required to do that causes the deprivation of which complaint is made." (citation omitted)). In other words, plaintiff must allege a defendant's personal involvement in violating plaintiff's civil right(s).

I.     **Refusal to Dismiss Charges**

Plaintiff alleges that defendant Klein violated due process by refusing to dismiss the charges against him even though there was no evidence against him.

Prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427, 430–31 (1976). This absolute immunity applies when prosecutors perform "activities [] intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and in presenting the State's case, *see id.*, or, put differently, "when performing the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted).

Whether to dismiss charges against a defendant is intimately associated with the judicial phase of the criminal process. So prosecutorial immunity bars this claim.

II.    **False Arrest**

Plaintiff alleges that unidentified police officers falsified a police report and that there was no probable cause to arrest him. "[A]n arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983." *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (citation and internal quotation marks omitted).

Here, plaintiff alleges that police officers arrested him without probable cause. However, he has not identified the police officers who allegedly did so. If plaintiff wishes to claim that these police officers falsely arrested him, he must identify them by name in the amended complaint.

ORDER FOR AMENDED COMPLAINT - 5

Furthermore, plaintiff has not adequately alleged that the named defendants falsely arrested him. Without more, plaintiff's allegations do not support a reasonable inference that defendants were personally involved in the falsified police reports or his arrest.

### III. Excessive Bail

"To determine whether the Excessive Bail Clause has been violated, [the Ninth Circuit] look[s] to the valid state interests bail is intended to serve for a particular individual and judge whether bail conditions are excessive for the purpose of achieving those interests." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007).

Here, plaintiff appears to allege that defendant Klein recommended an excessively high bail amount. *See* Dkt. 1-1 at 1. Prosecutorial immunity bars this claim. *See Ismail v. Cty. of Orange*, 676 F. App'x 690, 691 (9th Cir. 2017). As drafted, the complaint does not indicate that plaintiff intended to assert this claim against any other individual. *See* Dkt. 1-1 at 1.

### IV. Conditions of Confinement

Plaintiff alleges that his unidentified "Jailers" "subjected [him] to a wide range of abuses" and, without factual support, lists these conditions. *Id.* at 2. Plaintiff adds that defendant Klein "collude[d]" with his Jailers. Plaintiff's allegations impel the inference that he was a pretrial detainee at that time. *See id.* at 1–3.

For a plaintiff to prove that a defendant has exposed him to conditions of confinement that violate due process, he must show that: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the

defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (citation omitted).

Here, plaintiff has not plausibly alleged that he was exposed to unconstitutional conditions of confinement. His allegations are conclusory. He does not reasonably describe these conditions or their effect on them. Nor does he adequately identify the "Jailers" who allegedly exposed him to these conditions. His allegation that defendant Klein "colluded" with his Jailers is a legal conclusion couched as a factual allegation. In short, this claim is deficient.

### V. Right to Self-Representation

"[A] defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so." *Faretta v. California*, 422 U.S. 806, 807 (1975).

Here, although plaintiff alleges that an attorney was forced upon him, his allegations do not support a reasonable inference that defendants were personally involved in this action. His complaint does not state who allegedly forced counsel upon him. But, to the extent that plaintiff faults the trial court for forcing an attorney upon him, judicial immunity would bar this claim. *See, e.g.*, *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) ("[Courts have] long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." (citations and internal quotation marks omitted)).

### VI. Supervisory Liability

Plaintiff alleges that defendant Golick, who allegedly is defendant Klein's supervisor, knew about and "was complicit in the [allegedly] unlawful actions" of defendant Klein. Dkt. 1-1 at 2.

"In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (citation and internal quotation marks omitted). For a supervisor to be liable, however, there must be an underlying constitutional violation by a subordinate. *See id.*

Here, plaintiff has yet to adequately allege that defendant Klein, defendant Golick's subordinate, violated the Constitution. Therefore, because plaintiff has yet to adequately allege an underlying constitutional violation, his claim for supervisory liability against defendant Golick is not yet viable.

**VII.   Official-Capacity Claims**

Plaintiff's official-capacity claims against defendants must be treated as claims against the "entity of which [they are] agent[s]," namely, Clark County. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 n.55 (1978). However, plaintiff did not name Clark County as a defendant.

Furthermore, "[t]o prevail on a claim against a municipal entity for a constitutional violation, a plaintiff must show that an official's action that caused the plaintiff's injury was pursuant to [an] official municipal policy [or custom] of some nature." *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc) (citation and internal quotation marks omitted).

Here, however, plaintiff has alleged no such policy or custom. Moreover, plaintiff has yet to allege an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Lockett v. Cty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) ("*Monell* claims [] require a plaintiff to show an underlying constitutional violation.").

**CONCLUSION**

Accordingly, this Court **ORDERS** as follows:

1. On or before **February 25, 2022**, plaintiff must file an amended complaint that cures, if possible, the deficiencies identified in this order.

2. The amended complaint must be filed on this District's § 1983 form, legibly written or retyped in its entirety, and filled out completely. Furthermore, the amended complaint must contain case number 3:21-cv-05921-TL-JRC. If plaintiff requires additional space to allege his claims, he may submit no more than **five (5)** continuation sheets. Any continuation sheet, whether handwritten or typewritten, must comply with this District's Local Rules governing form of filings, including rules governing text size, margin size, and line spacing. *See* Local Rule 10(d)–(e).

3. The amended complaint will act as a complete substitute for the complaint; this Court will address only the claims alleged in it.

4. The amended complaint must not incorporate by reference any part of the complaint. Likewise, the amended complaint must not incorporate arguments or text from any other documents, including any exhibits. However, plaintiff may, if he wishes, submit any exhibit necessary to support the amended complaint's allegations.

5. Plaintiff must not unjustifiably expand the scope of the case by alleging new unrelated claims or parties in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

6. If plaintiff fails to timely file an amended complaint, or if he otherwise fails to comply with this order, **this Court will recommend dismissal of this case or impose any appropriate sanction**.

1   The Clerk is directed to **SEND** plaintiff the appropriate forms for filing a § 1983 action
2   and a copy of this order. The Clerk is further directed to **RENOTE** plaintiff's motion to proceed
3   *in forma pauperis* for **February 25, 2022**.

4   Dated this 26th day of January, 2022.

J. Richard Creatura
Chief United States Magistrate Judge