UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYCE ANTHONY JACKSON,

        Plaintiff,

v.

TONY GOLICK, *et al.*,

        Defendants.

CASE NO. 3:21-cv-05921-TL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: **February 25, 2022**

The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Plaintiff filed this action under 42 U.S.C. § 1983.

Plaintiff alleges that defendants, state prosecutors, unlawfully failed to dismiss the charges in his criminal prosecution because probable cause did not support it. Plaintiff alleges additional errors in his prosecution, including that defendants unlawfully delayed his arraignment. However, because the conduct plaintiff challenges involves defendants' traditional functions as advocates, prosecutorial immunity bars most of these allegations. Furthermore, state

1 judicial records contradict plaintiff's allegation that defendants unlawfully delayed his
2 arraignment. Moreover, plaintiff's claims against defendants in their official capacities are not
3 viable because plaintiff did not allege that a municipal policy or custom caused their alleged
4 constitutional violations. After the first initial screening, this Court ordered plaintiff to amend his
5 complaint, but his amended complaint did not correct these deficiencies—and again allowing
6 plaintiff to file an amended complaint would be futile. Accordingly, the amended complaint
7 should be dismissed with prejudice.

## AMENDED COMPLAINT'S ALLEGATIONS

Plaintiff sues Anna Klein, a state prosecutor, and Tony Golick, a supervisory prosecutor. *See* Dkt. 6 at 3. Plaintiff alleges that, in his state prosecution, defendant Klein knew that the state did not have probable cause to prosecute him because of evidentiary deficiencies. *See id.* at 4–5. Further, plaintiff alleges that defendant Klein knew that "the police report had a lot of [inconsistencies]" and did not "satisf[y] the state standard of probable cause." *See id.* at 5–6. However, "during the course of 17 months," defendant Klein "made no effort . . . to pursue any corrective action" or "dismiss the case." *See id.* Plaintiff adds that he was eventually found not guilty. *Id.* at 10.

Furthermore, plaintiff alleges that defendant Klein unlawfully delayed his arraignment until "2 weeks after the initial appearance" and demanded an excessively high bail in the amount of $30,000. *See id.* at 7, 10. Additionally, plaintiff alleges that defendant Golick knew about defendant Klein's actions and is liable for them as her supervisor. *See id.* at 8. Moreover, plaintiff alleges that the actions of defendant Klein and Golick were "motivated [by] malice." *Id.* at 8. Plaintiff asserts violations of the Fifth, Sixth, and Eighth Amendments and sues defendants

1  Klein and Golick in their individual and official capacities. *Id.* at 6, 10, 14. For relief, plaintiff
2  seeks damages. *Id.* at 14.

## BACKGROUND

Plaintiff filed a complaint, whose core allegations were the same as the amended complaint's. *See* Dkt. 1-1. Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). Dkt. 4.

On January 26, 2022, the Court ordered him to file an amended complaint. Dkt. 5. Pertinently, the Court concluded that prosecutorial immunity barred plaintiff's allegations that defendant Klein refused to dismiss the charges against him and recommended excessively high bail. *Id.* at 5–6. Furthermore, the Court concluded that plaintiff's claim that defendant Golick was liable for defendant Klein's alleged misconduct as her supervisor was not viable because plaintiff had yet to adequately allege a constitutional violation on defendant Klein's part. *Id.* at 8. Regarding plaintiff's official-capacity claims, the Court concluded that plaintiff had not alleged a policy or custom that caused the alleged constitutional violations. *Id.*

Plaintiff timely filed his amended complaint. Dkt. 6. The amended complaint makes clear that plaintiff is pursuing only individual- and official-capacity claims under the Fifth, Sixth, and Eighth Amendment against defendants Klein and Golick. *See id.* at 6–10, 14. Plaintiff is not pursuing the other potential causes of action and defendants that the Court discussed in its order to amend. *See id.*; Dkt. 5 at 6–7.

As noted, plaintiff alleges that his arraignment took place on January 16, 2020, which came two weeks after his initial appearance. Dkt. 6 at 7. Plaintiff further alleges that, under state law, his arraignment had to come within 3 business days of his initial appearance. *See id.*

1  Plaintiff attributes this delay to defendant Klein and contends that it violated due process. *See id.*
2  at 6–7.

3        The Court takes judicial notice of the docket sheet in plaintiff's prosecution. *See*
4  https://odysseyportal.courts.wa.gov/ODYPORTAL/Home/Dashboard/29 (searching "Jackson,
5  Bryce Anthony," then selecting Case Number 20-1-00008-06); *see also Harris v. Cty. of Orange*,
6  682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of . . . documents on file in
7  federal or state courts." (citation omitted)). These records show that plaintiff's preliminary
8  appearance was held on January 2, 2020 and that the state filed its information on January 6,
9  2020. *Id.* These records also show that the initial arraignment was held on January 16, 2020. *Id.*

10  **LEGAL STANDARD UNDER 28 U.S.C. § 1915A and § 1915(e)**

11        Under the Prison Litigation Reform Act ("PLRA"), the Court is required to screen
12  complaints brought by prisoners seeking relief against a governmental entity or officer or
13  employee of a governmental entity. 28 U.S.C. § 1915A(a); *O'Neal v. Price*, 531 F.3d 1146, 1152
14  (9th Cir. 2008). The Court must "dismiss the complaint, or any portion of the complaint, if the
15  complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;
16  or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §
17  1915A(b).

18        Likewise, because plaintiff seeks to proceed IFP, the Court must screen his amended
19  complaint under § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).
20  Under § 1915(e)(2)(B), a district court must dismiss a prisoner's IFP case at any time if it
21  determines that the case is (i) frivolous or malicious; (ii) fails to state a claim on which relief
22  may be granted; or (iii) seeks monetary relief against a defendant who is immune from such
23  relief. *O'Neal*, 531 F.3d at 1153 (citation and internal quotation marks omitted).

24

REPORT AND RECOMMENDATION - 4

1	The standard for determining whether a plaintiff has failed to state a claim under §
1915A(b)(1) and § 1915(e)(2)(B)(ii) is the same as Federal Rule of Civil Procedure 12(b)(6)'s standard for failure to state a claim. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). So, under § 1915A(b)(1) and § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (citation omitted). "Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison*, 668 F.3d at 1112 (citation omitted). There is "an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (per curiam) (citation omitted). However, while the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (per curiam) (citation omitted).

## DISCUSSION

### I. Prosecutorial Immunity

Prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427, 430–31 (1976). This absolute immunity applies when

prosecutors perform "activities [] intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and in presenting the State's case, *see id.*, or, put differently, "when performing the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted).

Here, plaintiff alleges that defendant Klein failed to dismiss the charges even though she knew that probable cause did not support his prosecution. Further, plaintiff alleges that defendant Klein demanded excessively high bail. Broadly construing the amended complaint, plaintiff also alleges that defendant Golick knew of these actions and failed to stop them. *See* Dkt. 6 at 8. Plaintiff adds, without further explanation, that malice motivated their actions. Prosecutorial immunity bars these allegations; they all involve activities intimately associated with the judicial phase of the criminal process. *See, e.g.*, *Ismail v. Cty. of Orange*, 676 F. App'x 690, 691 (9th Cir. 2017) ("[R]equesting high bail [is a] prosecutorial decision[] intimately associated with the judicial phase of the criminal process."); *Slater v. Clarke*, 700 F.3d 1200, 1203 (9th Cir. 2012) ("It has long been the law of this circuit that a decision whether to prosecute or not prosecute is entitled to absolute immunity." (citation omitted)); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005) ("[A] prosecutor enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution . . . ." (citation omitted)). Defendant Golick also enjoys this immunity with respect to these allegations. *See Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 845 (9th Cir. 2016) ("An attorney supervising a trial prosecutor who is absolutely immune is also absolutely immune." (citation omitted)).

## II. Failure to State a Claim

Plaintiff also alleges that defendant Klein delayed his arraignment until January 16, 2020. Dkt. 6 at 7. This date came "2 weeks after [his] initial appearance" even though under state law

defendant Klein had only 3 business days to "conduct the arraignment." *See id.* at 6–7. Plaintiff adds that this delay violated due process. *Id.* at 7.

Here, the judicial records from plaintiff's prosecution undermine this claim. Plaintiff's preliminary appearance was held on January 2, 2020. The state filed the information on January 6, 2020 and plaintiff's arraignment was held on January 16, 2020. Because plaintiff's arraignment was held within 14 days after the state filed the information, this delay did not violate state law. *See* CrR 4.1(a)(1)–(2); *State v. Pleasant*, 7 Wash. App. 2d 1064, at *2 (2019). And the Court has found no authority proposing that a 2-week delay between a preliminary appearance and an arraignment violates due process. In short, this claim is not viable.

Moreover, plaintiff has failed to state any viable official-capacity claims for the reasons in the Court's order to amend. Specifically, plaintiff has not alleged that a municipal "policy or custom" of Clark County caused the alleged constitutional violations at issue. *See* Dkt. 5 at 8. Because he has been given the opportunity to amend the complaint to allege a viable claim and because the Court cannot see that allowing plaintiff to amend the complaint, once again, will cure these deficiencies, the Court recommends that the amended complaint be dismissed with prejudice.

**III.     The Dismissal Should Count as a "Strike" Under 28 U.S.C. § 1915(g)**

Section 1915(g) provides that, if a prisoner has brought, while incarcerated, three or more prior federal civil actions or appeals that courts dismissed for failure to state a claim, frivolity, or maliciousness, the prisoner may not bring a federal civil action without paying the filing fee unless (s)he is in imminent danger of serious physical injury. *Id.*

Here, prosecutorial immunity bars some of plaintiff's allegations. Because this bar is obvious on the face of the amended complaint, the dismissal of these allegations qualifies as a

REPORT AND RECOMMENDATION - 7

dismissal for failure to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense appears on its face." (alterations adopted) (citation and internal quotation marks omitted)); *Milstein v. Cooley*, 257 F.3d 1004, 1007, 1011–13 (9th Cir. 2001) (affirming district court's dismissal under Rule 12(b)(6) of claims on grounds of prosecutorial immunity). Furthermore, the Court expressly dismissed plaintiff's remaining claims for failure to state a claim.

Although plaintiff alleges that he has experienced "abuses" in jail, his allegations do not support a reasonable inference that he is still being subjected to these alleged abuses. *See* Dkt. 6 at 7. Again, moreover, plaintiff makes clear that he does not base this lawsuit on these alleged abuses. *See id.* at 7–8. So plaintiff has not adequately alleged that he is in imminent danger of serious physical injury.

In short, this dismissal should count as a strike under § 1915(g).

### *IN FORMA PAUPERIS* ("IFP") STATUS ON APPEAL

Plaintiff should not be granted IFP status for purposes of an appeal of this matter. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" *See* Fed. R. App. P. 24(a)(3)(A). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citation and internal quotation marks omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in facts." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because any appeal from this matter would be frivolous, IFP status should not be granted for purposes of appeal.

**CONCLUSION**

In sum, it is **recommended** that:

(1) The amended complaint (Dkt. 6) be **dismissed with prejudice**.

(2) The dismissal **count as a strike** under 28 U.S.C. § 1915(g).

(3) Plaintiff's IFP motion (Dkt. 4) be **denied as moot**.

(4) This case be **closed**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 25, 2022** as noted in the caption.

Dated this 8th day of February, 2022.

J. Richard Creatura
Chief United States Magistrate Judge