UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYCE ANTHONY JACKSON,<br><br>                    Plaintiff,<br>        v.<br><br>TONY GOLICK, et al.,<br><br>                    Defendants. | CASE NO. 3:21-cv-05921-TL-JRC<br><br>ORDER ON REPORT AND RECOMMENDATION |

Plaintiff filed a civil rights action under 42 U.S.C. § 1983 related to his prosecution by Defendants for an alleged robbery.[1] This matter comes before the Court on the Report and Recommendation of the Honorable J. Richard Creatura, Chief United States Magistrate Judge (Dkt. No. 10), and Plaintiff Bryce Anthony Jackson, Jr.'s objections to the Report and Recommendation (Dkt. No. 13). Having reviewed the Report and Recommendation, Plaintiff's

---

[1] This was a Washington state prosecution, No. 20-1-00008-06. Dkt. No. 1-1 at 55; Dkt. No. 6 at 4.

ORDER ON REPORT AND RECOMMENDATION - 1

untimely objections and memoranda, and the remaining record,[2] the Court ADOPTS the Report and Recommendation and OVERRULES the objections.

The Report and Recommendation was filed on February 8, 2022. Dkt. No. 10. "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Plaintiff did not file his objections until March 29, 2022, beyond the timeline allowed for in the rules. Dkt. No. 13. Untimely objections can be deemed waived. *See, e.g.*, *Norling v. Uttecht*, No. 19-5697, 2020 WL 42418, at *1 (W.D. Wash. Jan. 3, 2020) (petitioner waived his right to object to the report and recommendation because he filed objections nearly a month after the 14-day deadline expired); *Hausken v. Lewis*, No. 12-5882, 2014 WL 1912058, at *2 (W.D. Wash. May 12, 2014) (plaintiff waived his objections because he filed them approximately six weeks after the 14-day deadline expired). Further, a party filing an untimely objection is not entitled to de novo review. Fed. R. Civ. P. 72(b)(3) (a district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to") (emphasis added).

The Court has reviewed Plaintiff's objections and memoranda despite their untimely filing. Plaintiff repeatedly raises the case of *Heck v. Humphrey*, 512 U.S. 477 (1994), in his filings to "illustrate[ ] that a prosecutor can be named as a Defendant." Dkt. No. 14 a 1; *see also* Dkt. No. 16 at 1; Dkt. No. 17 at 1; Dkt. No. 18 at 4. But the *Heck* decision addressed the "favorable termination" rule which is a specific element of Section 1983 damages claims in malicious prosecution actions (*i.e.*, what counts as a termination in favor of the accused of the prior criminal proceeding that resulted in the challenged conviction or confinement). *Id.* at

---

[2] In addition to his objection, Plaintiff has filed eight memoranda, the first of which was filed on March 28, 2022. Dkt. Nos. 11, 14, 16-20, 22. Plaintiff also filed a letter requesting certain documents in this case because his copies were disposed of by Department of Corrections officials (Dkt. No. 15), and he filed a Motion to Amend Judgment (Dkt. No. 21).

485–6. *Heck* does not support Plaintiff's objections regarding whether Defendants have absolute immunity for the actions he challenges. However, Plaintiff is correct that there are some situations in which absolute immunity may not apply to a prosecutor. For example, absolute immunity does not apply when a prosecutor is not acting as "an officer of the court," but is instead engaged in investigative or administrative tasks such as making statements to the press, or acting as a complaining witness in support of an arrest warrant application. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-343 (2009) (citations omitted). But those actions, unlike the actions Plaintiff complains of, are not "intimately associated with the judicial phase of the criminal process." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). It is important to understand that "the absolute immunity that protects the prosecutor's role as an advocate is not grounded in any special 'esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself.'" *Id.* at 127 (quoting *Malley v. Briggs*, 475 U.S. 335, 342 (1986)).

Plaintiff's claims center on the decisions and actions taken by Defendants in prosecuting the case related to his arrest in December 2019, and his objections and memoranda focus on the issue of prosecutorial misconduct.[3] Plaintiff objects to the magistrate judge's "belief that supposedly a citizen has no legal recourse against prosecutorial misconduct." Dkt. No. 13 at 1. But it is not merely a "belief" the magistrate judge was following but the law. As explained in

---

[3] As the Court was preparing this Order, Plaintiff filed a new memorandum regarding long delays in this case. *See* Dkt. No. 22. The Court understands Plaintiff's frustration with the length of time it has taken to issue this Order. For some context, as of September 2021, this district was facing a judicial emergency caused by five vacant positions (out of a total of seven active judge positions on this Court). *See* United States Courts, *Judicial Emergencies for September 2021*, https://www.uscourts.gov/judges-judgeships/judicial-vacancies/archive-judicial-vacancies/2021/09/emergencies. By December, 2021, three judges, including the undersigned, had only recently taken the bench (filling three of five initial judicial vacancies). *See* U.S. District Court for the Western District of Washington, *Updated – Judicial Nominations for the Western District of Washington*, Dec. 16, 2021, https://www.wawd.uscourts.gov/news/updated-judicial-nominations-western-district-washington. This Court inherited a significant number of cases with pending motions and has been diligently working to adequately and carefully review the motions pending before it and issue decisions on both the inherited and newly-filed motions.

detail in the Report and Recommendation, it has long been the law of both the Supreme Court and this Circuit that absolute immunity applies when prosecutors perform "activities intimately associated with the judicial phase of the criminal process" such as initiating prosecutions and setting bail. *Kalina*, 522 U.S. at 131; *see also Ismail v. Cnty. of Orange,* 676 F. App'x. 690, 691 (9th Cir. 2017) (the bail request is a prosecutorial decision entitled to absolute immunity); *Slater v. Clark*, 700 F.3d 1200, 1203 (9th Cir. 2012) (a decision as to whether to prosecute is entitled to absolute immunity). While it may be a difficult pill to swallow, that is the state of the law with regard to the specific claims brought by Plaintiff in this case, and both the magistrate judge and this Court are duty bound to follow it.

The magistrate judge also recommends that should the Court dismiss Plaintiff's complaint for failure to state a claim, the dismissal should count as a "strike" under 28 U.S.C. § 1915(g). Dkt. No. 10 at 7–8. In giving Plaintiff a chance to amend his complaint, Chief Magistrate Judge Creatura explained the issue of absolute immunity with respect to the claims Plaintiff alleged. Dkt. No. 5. While Plaintiff did not renew some of the claims in his amended complaint, he re-alleged the same claims with regard to Defendants that he was warned would be barred by prosecutorial immunity. *See* Dkt. No. 5 at 5–6; Dkt. No. 6 at 4–6, 8–10. The Supreme Court has held that "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020). Just as the Court has no choice but to dismiss Plaintiff's complaint for failure to state a claim, the Court also has no discretion about whether the dismissal should count as a strike or not. Under *Lomax*, the dismissal will count as a strike. 140 S. Ct. 1727.

Finally, unrelated to the Report and Recommendation, Plaintiff filed a letter requesting a copy of his original complaint and the documentation attached to it as his copies were disposed of by Department of Corrections officials. Dkt. No. 15. The Court GRANTS this request.

For the foregoing reasons, the Court hereby ORDERS:

(1) The Report and Recommendation is APPROVED and ADOPTED.

(2) Plaintiff's amended complaint (Dkt. No. 6) is DISMISSED WITH PREJUDICE.

(3) This dismissal counts as a strike under 28 U.S.C. § 1915(g).

(4) Plaintiff's IFP motion (Dkt. No. 4) and Motion to Amend Judgment (Dkt. No. 21) are DENIED as moot.

(5) The Clerk is DIRECTED to close this case and send copies of this order to Plaintiff, counsel for Defendants, and to the Honorable J. Richard Creatura.

(6) The Clerk is also DIRECTED to send Plaintiff a copy of his Application to Proceed *In Forma Pauperis* along with his original complaint and all attachments to the complaint (Dkt. No. 1), his Motion for Leave to Proceed *In Forma Pauperis* (Dkt. No. 4), and his amended complaint (Dkt. No. 6).

Dated this 11th day of October 2022.

Tana Lin
United States District Judge